UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-CV-21039-PAS

DELFA CONSUEGRA, et al,
        Plaintiffs,
v.

MACY'S RETAIL HOLDINGS, LLC, et al,
        Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

THIS MATTER is before the Court on Plaintiffs' Motion to Remand [DE 5]. Husband and wife Plaintiffs Delfa and Bartolo Consuegra originally filed this matter in state court alleging negligence[1] against three Defendants following an escalator malfunction in a department store. DE 1-2. Defendants are Macy's Retail Holdings, LLC and Schindler Elevator Corporation, foreign corporations; and Murray Tolkov, a Miami-Dade County resident. *Id.* at ¶ 4, 8, 9. Plaintiffs are residents of Miami-Dade County. *Id.* at ¶ 2.

Defendant Schindler removed this action, to which Defendants Macy's and Tolkov consented. DE 1 at 70. Defendants' basis for removal is the Court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 1. Specifically, Defendants assert Defendant Tolkov, as Defendant Macy's employee, was fraudulently joined and as such his citizenship must be disregarded. *Id.* at 1. Plaintiffs argue complete diversity does not exist and remand is appropriate because the Complaint alleges Defendant Tolkov, a Florida citizen, acted negligently in his individual capacity. DE 5 at 10.

The Court has reviewed the Motion [DE 5], Defendant Schindler's[2] Response [DE 6], Plaintiffs' Reply [DE 7], Defendant Tolkov's affidavit [DE 1 at 73], and the record. Because the factual allegations are insufficient to plead individual liability under Florida law, Defendant

---

[1] Plaintiffs' Complaint also includes one count for loss of consortium on behalf of Plaintiff Bartolo Consuegra. DE 1-2 at ¶ 81.
[2] Only Defendant Schindler filed a response to Plaintiffs' Motion. DE 6. Defendants Macy's and Tolkov did not adopt or join in Defendant Schindler's response.

1

Tolkov was fraudulently joined. Because his citizenship cannot be considered for diversity purposes, Plaintiffs' Motion to Remand must be denied.

## I.   FACTUAL BACKGROUND

On January 11, 2021, Plaintiffs were injured while using an escalator located inside a Macy's department store in Miami, Florida. DE 1-2 at ¶¶ 13-16. Plaintiffs allege the same acts of negligence for all three Defendants — Macy's as the owner, operator, and manager of the property, Tolkov as the manager of property, and Schindler as the escalator maintenance provider. *Id.* at ¶ 5, 7, 9.  Plaintiffs allege each Defendant was negligent by:

(a) creating a dangerous condition and allowing a faulty escalator to operate;

(b) failing to warn Plaintiffs of the defective escalator;

(c) failing to correct the dangerous condition; and

(d) failing to take reasonable measures to prevent Plaintiffs from using the escalator.

*Id.* at ¶¶ 29, 39, 48, 57, 67, 77.

Defendant Tolkov was employed by Macy's on the date of the incident. DE 1 at 73. Defendant Tolkov did not see the incident. *Id.* Defendant Tolkov did not have any knowledge regarding any issues with the escalator prior to Plaintiffs' incident. *Id.*

## II.   LEGAL STANDARD

28 U.S.C. § 1441 permits a defendant to remove a civil case filed in state court to federal court if the federal court has diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction requires full diversity of citizenship among the parties and an amount in controversy over $75,000.[3] 28 U.S.C. § 1332(a).  If the Court determines that it lacks subject matter jurisdiction, the case will be remanded.  28 U.S.C. § 1447(c).  The Court must construe the removal statutes narrowly and resolve any doubt in favor of remand. *King v. Government Employees Ins. Co.*, 579 Fed. App'x 796, 800 (11th Cir. 2014).

---

[3] Neither side asserts that the amount in controversy is less than $75,000.

The standard for fraudulent joinder is high. A defendant removing a case on the basis of fraudulent joinder has the burden of proving by clear and convincing evidence that either: (a) there is no possibility the plaintiff can establish a cause of action against the non-diverse defendant under state law or (b) that the plaintiff pled jurisdictional facts to bring the non-diverse defendant into state court. *Henderson v. Washington Nat. Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006).  Only the first prong is at issue in this matter. DE 1 at 10.

Under Florida state law, a director or officer cannot be held personally liable for torts solely due to his or her "official character." *Orlovsky v. Solid Surf, Inc.*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981) (quoting 8 Fla. Jur. 2d Business Relationship § 339).  If that director or officer personally commits or participates in the tort, then he or she can be held personally liable. *Id*. To hold a corporate officer personally liable, four factors must be met:

(1) the corporation owes a duty of care to the third party, the breach of which has caused the damage for which recovery is sought;

(2) the duty is delegated by the principal or employer to the defendant officer;

(3) the defendant officer has breached this duty through personal, not technical or vicarious, fault; and

(4) with regard to personal fault, personal liability cannot be imposed upon the officer simply because of his or her general administrative responsibility for performance of some function of his or her employment.

*McElveen By and Through McElveen v. Peeler*, 544 So. 2d 270, 272 (Fla. 1st DCA 1989)

### III.   ANALYSIS

Defendant Schindler argues that the third and fourth factors of the *McElveen* analysis are not met.  DE 1 at ¶¶ 25, 26. Plaintiffs contend the Complaint establishes a cause of action of negligence against Defendant Tolkov in his individual capacity. DE 5 at 10.   However, Plaintiffs did not allege any facts which suggest that he may be personally responsible for their injuries. The allegations against Defendant Tolkov are verbatim the allegations against his employer, Defendant Macy's. DE 1-2 at ¶¶ 13-16, 29, 39. Only paragraph 9, which introduces

3

Defendant Tolkov as the store manager and states he is a Florida resident, is unique to Defendant Tolkov *Id*. at ¶ 9.

Plaintiffs argue that the addition of the word "himself" throughout their Complaint somehow imposes personal liability on Defendant Tolkov. DE 5 at 10. However, Plaintiffs specifically plead that Defendant Tolkov's duty to exercise reasonable care arises from his status "as the manager of the Property." *Id*. at ¶ 15. Plaintiffs do not allege facts that Defendant Macy's specifically delegated responsibility for the maintenance of the store escalator to Defendant Tolkov, and that Defendant Tolkov breached this duty personally, as opposed to technically or vicariously. See *Watts v. Wal-Mart Stores East, LLP* 2023 WL 2028384 at *3 (Feb. 16, 2023) (finding a store manager was fraudulently joined where a plaintiff did not plead any facts to show how the manager was personally involved in the incident, and where the allegations of negligence against the manager were essentially the same as against the property owner.) Defendant Tolkov's affidavit further confirms his lack of involvement in Plaintiffs' incident. As such, the third and fourth factor of the *McElveen* analysis are not met. Based on the Complaint's factual allegations, there is no possibility that Florida law could impose personal liability on Defendant Tolkov. Accordingly, it is

ORDERED that

(1) Plaintiff's Motion to Remand [DE 5] is DENIED.

**DONE and ORDERED** at Miami, Florida, this 24th day of April, 2023.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   The Honorable Lisette M. Reid
      All counsel of record